UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

H. LEE HORNBECK, GREGORY           Civil Action No.:11-CIV-6605 (BSJ)
F. HURLEY and STEPHAN GAIS,

                        Plaintiffs,

  - Against

FUSIONTECH, INC.,

                        Defendant.
-------------------------------------------------------------------x

## PLAINTIFFS' BRIEF IN SUPPORT OF AN ORDER TO SHOW CAUSE FOR AN ORDER OF ATTACHMENT

**THE BOSTANY LAW FIRM, PLLC**
*Attorneys for Plaintiffs*
75 Wall Street, Suite 24F
New York, New York 10005
(212) 530-4400

## PRELIMINARY STATEMENT

Plaintiffs' motion, brought by Order to Show Cause, seeks an Order of Attachment pursuant to Federal Rule of Civil Procedure 64 to immediately halt and prevent FusionTech, Inc. (hereinafter "Defendant"), which has defaulted on various notes, from removing monetary funds being held in New York at TD Bank on Wall Street.

## STATEMENT OF FACTS

Plaintiffs respectfully refer to Matthew A. Windman's Declaration in Support of an Order to Show Cause for an Order of Attachment.

## ARGUMENT

"Property may be attached by a federal court 'under the circumstances and in the manner provided by the law of the state in which the district court is held.'" *Buy This, Inc. v. MCI Worldcom Communications*, 178 F.Supp.2d 380, 382 (S.D.N.Y. 2001), citing Fed.R.Civ.P. 64. Thus New York law governs the issuance of an attachment by this Court. Under CPLR 6201(1), "An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded or would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state."

In this case, Defendant is a foreign corporation not qualified to do business in New York. See Exhibit F of Declaration of Matthew A. Windman. A search of the New York State Department of State, Division of Corporations database reveals no entries for Fusiontech Inc. Id.

In *Osrecovery Inc. v. One Groupe International, Inc.*, 305 F.Supp.2d 340 (S.D.N.Y. 2004), this Court granted an order of attachment on the grounds that the defendants were foreign corporations not qualified to do business in New York and that plaintiffs were likely to prevail

against them. *Id.* at 348. In this case, it is indisputable that Defendant is a foreign corporation and that it has defaulted on notes executed between it and Plaintiffs. See Declaration of Matthew A. Windman.

In *DirecTV Latin America, LLC v. Park 610*, LLC, 691 F.Supp.2d 405, this Court found that "the party seeking attachment must show 'that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff. *Id.* at 440, quoting *Capital Ventures Int'l v. Republic of Arg.*, 443 F.3d 214, 219 (2d. Cir 2006). The Court granted the plaintiff's motion to confirm the attachment, finding that "'it is more likely than not' that DirecTV will succeed on its claims." *Id.*

Here, it has been clearly established that Defendant is liable to Plaintiff for defaulting on the notes. Further, Plaintiffs know of no counterclaims whatsoever on the part of Defendant.

Immediate action is required to prevent Defendant from withdrawing its funds being held in New York. Defendant maintains a bank account located at TD Bank at 2 Wall Street in the City, County and State of New York, under the account name "FusionTech, Inc. Private Placement Escrow Account." See Plaintiff Affidavits annexed as Exhibits G and H of Declaration of Matthew A. Windman. Given the scope of Defendant's default on the notes, its current financial position clearly poses a real risk of the enforcement of any future judgment. If Defendant were to move its assets out of its New York bank account, it would have no other assets in New York to satisfy a future judgment.

Furthermore, Defendant clearly revealed its intent to move its remaining funds out of New York in a September 13, 2011 letter to its Newman & Morrison LLP, its former counsel, advising the firm to transfer its remaining funds to the Philadelphia-based law firm Stevens & Lee. See Exhibits J and K of Declaration of Matthew A. Windman. Plaintiffs fear that Defendant

will then transfer these funds back to its headquarters in China, preventing Plaintiffs from being able to retrieve any part of their investments.

     **WHEREFORE**, we respectfully request that, pursuant to CPLR 6201, the Order of Attachment be granted and any other relief be granted as the court sees fit.

Dated:    New York, New York
            September 22, 2011

                                                  Respectfully Submitted,

                                                  THE BOSTANY LAW FIRM

                                                  By: _____
                                                     MATTHEW A. WINDMAN (MW1776)
                                                     Attorneys for Plaintiffs
                                                     75 Wall Street
                                                     New York, New York 10005
                                                     (212) 530-4400