UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

**11 CIV 6605**

H. LEE HORNBECK, GREGORY
F. HURLEY and STEPHAN GAIS,

Civil Action No.:

                         Plaintiffs,

**COMPLAINT**

- Against



FUSIONTECH, INC.,

                         Defendant.
------------------------------------------------------------x

Plaintiffs H. LEE HORNBECK, GREGORY F. HURLEY and STEPHAN GAIS allege upon information and belief as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff H. LEE HORNBECK (hereinafter "HORNBECK") was and is an individual residing at in the town of Greenville, State of South Carolina. HORNBECK is a citizen of the State of South Carolina.

2. At all times relevant hereto, Plaintiff GREGORY F. HURLEY (hereinafter "HURLEY") was and is an individual residing in the City and State of New York. HURLEY is a citizen of the State of New York.

3. At all times relevant hereto, Plaintiff STEPHAN GAIS (hereinafter "GAIS") was and is an individual residing at Am Hirtenberg 17, Waake 37136 in Germany. GAIS is a citizen of Germany.

4. At all times relevant hereto, Defendant FUSIONTECH, INC. (hereinafter "FUSIONTECH") is corporation organized and existing pursuant to the laws of the State of Nevada.

5. At all times relevant hereto, Defendant FUSIONTECH, INC. maintained and now continues to maintain its principal place of business in the Republic of China, at No. 26, Gaoneng Street, High Tech Zone, Dalian, Liaoning Province, China 116025.

## JURISDICTION and VENUE

6. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 as plaintiffs are citizens of different states than defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. At all times relevant hereto, defendant maintained and maintains a bank account located at TD Bank on Wall Street in the City, County and State of New York (hereinafter "NYC Account").

8. Personal jurisdiction is proper over the defendant pursuant to New York CPLR § 302, as FUSIONTECH transacts business in the state; defendant expects or should reasonably expect the act to have consequences in the state; derives substantial revenue from international commerce; and the suit arises out of a transaction occurring within the state.

9. There is also "in rem" jurisdiction arising out of defendant's assets located in New York City including the NYC Account.

10. Venue is proper in the Southern District of New York as a substantial part of the events giving rise to this action occurred in the Eastern District.

## FACTUAL ALLEGATIONS

11. On March 9, 2011, Mr. Gais executed with FUSIONTECH a Senior Convertible Promisory Note which provided for a loan to FUSIONTECH in the amount of $200,000.

12. On March 9, 2011, Mr. Gais executed with FUSIONTECH a Senior Convertible Promisory Note which provided for a loan to FUSIONTECH in the amount of $175,000.

13. On March 21, 2011, Hornbeck executed with FUSIONTECH a Senior Convertible Promisory Note which provided for a loan to FUSIONTECH in the amount of $25,000.

14. On March 28, 2011, Mr. Hurley executed with FUSIONTECH a Senior Convertible Promisory Note which provided for a loan to FUSIONTECH in the amount of $250,000.

15. On March 28, 2011, Hornbeck executed with FUSIONTECH a Senior Convertible Promisory Note which provided for a loan to FUSIONTECH in the amount of $50,000.

16. On or about March 2011, FUSIONTECH executed several notes in connection with the closing of the first tranche of a private placement with accredited investors, including Plaintiffs, totaling an aggregate principal amount of $3,600,000.00.

17. The notes issued in the first tranche, in the aggregate principal amount of $1,100,000.00 became due and payable in full on September 6, 2011.

18. The second tranche of notes, which were issued on March 21, 2011, in a principal amount of $1,836,000.00, were due and payable on September 19, 2011.

19. The third tranche of notes, which were issued on March 28, 2011 in a principal amount of $664,000, are due and payable on September 26, 2011.

20. As of September 21, 2011, FUSIONTECH failed to pay the principal and interest due on the notes issued in the first tranche.

21. As of September 21, 2011, FUSIONTECH failed to pay the principal and interest due on the notes issued in the second tranche due on September 19, 2011.

22. As a result, FUSIONTECH is in default under the notes.

## CAUSE OF ACTION

24.     Pursuant to the agreement, in the event of default, Plaintiffs may declare the entire unpaid balance of the notes, together with all interest accrued hereon, due and payable and thereupon, the same shall be accelerated and so due and payable, without presentment, demand, protest or notice, all of which were expressly, unconditionally and irrevocably waived by FUSIONTECH.

25.     Pursuant to the agreement, due to the default, the interest rate on the notes increased to 13% per annum for so long as there is interest or principal due thereon.

26.     Due to the defaults, Plaintiffs are to be paid their reasonable attorneys' fees and expenses pursuant to Section 2.2 of the notes.

27.     To date, none of the plaintiffs herein have been paid any portion of the interest or principal on the notes that they executed with the defendant as described herein though portions of the notes were due and payable on dates in the past as described herein.

WHEREFORE plaintiff HORNBECK demands judgment against defendant in the amount of $75,000.00 along with interest in the amount of 13% per annum together with reasonable costs and attorneys' fees and expenses; plaintiff HURLEY demands judgment against defendant in the amount of $250,000 along with interest in the amount of 13% per annum together with reasonable costs and attorneys' fees and expenses; and plaintiff GAIS demands judgment against defendant in the amount of $375,000 along with interest in the amount of 13% per annum together with reasonable costs and attorneys' fees and expenses.

Dated: New York, New York
September 21, 2011

THE BOSTANY LAW FIRM, PLLC

By: _____
Matthew A. Windman (MW1776)
Attorney for Plaintiffs
75 Wall Street, Suite 24F
New York, New York 10005
(212) 530-4400